(47 Misc. Rep. 495.)

### In re O'NEILL.

(Supreme Court, Special Term, New York County. June, 1905.)

1. CORPORATIONS—INSPECTION OF BOOKS—RIGHTS OF STOCKHOLDERS.

A stockholder should not be refused inspection of the books of the corporation because his holdings are small.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 674.]

2. SAME.

Mandamus would be granted to compel a corporation to submit its books to the inspection of a stockholder, where he claimed that he was induced to buy his stock by the president; that he had been unable to ascertain the condition of the corporation; that no dividends had been paid; that the corporation did not seem to be doing any business; and that no report had been made during the three years of the corporation's existence, although the president stated that he had told the petitioner that the corporation had lost money, and that he had answered all

reasonable inquiries, and that the petitioner was hostile to him, in the absence of evidence that injury would result to the corporation from such inspection, or that the stockholder had any illegal end in view.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, § 264.]

Application by John J. O'Neill for a writ of mandamus to compel an inspection of books of a corporation. Granted.

Adams & McIntyre, for the motion.
A. F. Cushman, opposed.

GILDERSLEEVE, J. This is an application by a stockholder of a corporation for a writ of mandamus commanding the corporation to exhibit its books, papers, and vouchers for inspection by the petitioner. There is no question as to the power of the court to grant the writ of mandamus for such inspection in a proper case, and it should not be refused simply because the stockholder making the application is a small one; but the court should proceed carefully according to the facts in each case, and not permit the process to be used for illegal ends and purposes. Matter of Steinway, 159 N. Y. 250-263, 53 N. E. 1103, 45 L. R. A. 461. In the case at bar the petitioner has been a stockholder since the formation of the corporation, and claims that he was induced to buy his stock by the president of the said corporation, who organized the same. It appears that there has been no report ever made by the corporation, which has been in existence about three years. The petitioner claims that he has been unable to ascertain the condition of the company, which has paid no dividends, made no reports, and, as petitioner claims, does not appear to be doing any business. The president of the corporation states that he told the petitioner that the corporation had lost a great deal of money in a transaction of which petitioner knew the particulars. The president further states that he has answered "all reasonable inquiries." The term "reasonable inquiries," however, is a conclusion in support of which no facts are shown. Simply because the petitioner had knowledge of one transaction does not preclude him from demanding information concerning other affairs or the general situation of the corporation. The president charges that the petitioner used to be his intimate friend, but has now become hostile to the president personally. The personal hostility of a stockholder toward the president of the corporation does not deprive such stockholder of his right to have information concerning the affairs of the corporation itself. No facts are shown to sustain the conclusion that an examination of the books would injure the corporation, or prevent the president from getting new capital into the concern. Indeed, were this so, it might suggest a conclusion that the affairs of the corporation would not bear the light of publicity, which could not have been the intention of the president in making the statement. The president claims that the purpose of the petitioner is to compel the president to buy the petitioner's stock. No facts are alleged, however, to show that the mere inspection of the books would have the effect of illegally compelling the president to make such purchase, and there can be no reason to apprehend any improper pressure upon the president, especially as the latter states that his dealings with

the petitioner have been perfectly honorable, and that the affairs of the corporation have been properly conducted. It seems to me that the petitioner makes out a sufficient case for the inspection requested, and I fail to find any satisfactory proof that any injury will result to the corporation therefrom of such a nature as to render the said inspection improper, or that the petitioner has any illegal end in view in making this application.

Motion granted.